Judge Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>LONNIE LILLARD,<br><br>  Defendant. | Case No. CR16-007RSM<br><br>**ORDER DENYING MOTION TO RECUSE** |

THIS MATTER comes before the Court on pro se Defendant's Motion to Recuse District Court Judge Ricardo Martinez from Further Proceedings. Dkt. #354.

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, a recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that

ORDER - 1

the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance,* 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States,* 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte,* 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States,* 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . .[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id.* At 555.

In the instant motion, Defendant fails to allege sufficient actions and/or behavior by the Court demonstrating bias towards him. As noted above, negative rulings by the Court almost never constitute a basis for bias, nor do opinions formed by the judge on the basis of events occurring in the course of proceedings.

Accordingly, the Court hereby finds and ORDERS:

1. Defendant's Motion to Recuse (Dkt. #354) is DENIED.
2. In accordance with LCR 3(e), that this Order is referred to the Honorable Benjamin H. Settle, the senior active judge in this District, for review of this decision.

ORDER - 2

3. The Clerk is directed to provide a copy of this Order to U.S. District Judge Benjamin H. Settle.

DATED this 1st day of November, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 3