UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>LONNIE EUGENE LILLARD,<br><br>Defendant. | CASE NO. CR16-07RSM<br><br>ORDER DENYING DEFENDANT LILLARD'S MOTION FOR COMPASSIONATE RELEASE |

   This matter comes before the Court on Defendant Lonnie Eugene Lillard's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. #425.  The Court has determined that an evidentiary hearing is unnecessary.  Mr. Lillard argues that the "erroneously [sic] deprivation of his Sixth Amendment right to counsel of choice combined with the deprivation of counsel during a critical stage of his criminal proceedings is an extraordinary and compelling reason for an immediate sentence reduction or alternatively a stay of the rest of his sentence of imprisonment pending the outcome of the appellate proceedings."  Dkt. # 425 at 11.  The Court agrees with the Government's assessment that Mr. Lillard "does not seek relief based on any serious and non-reversible medical condition that impacts his ability for self-care in the prison institution, or some extraordinary family circumstance," and is instead "seeking to use this

ORDER DENYING DEFENDANT LILLARD'S MOTION FOR COMPASSIONATE RELEASE – 1

motion to bring a collateral challenge to his conviction, something this statute does not provide authority to address." Dkt. #432 at 1.

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i).

Effective December 21, 2018, the First Step Act of 2018 amended Section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (italics reflecting amendment under First Step Act).

ORDER DENYING DEFENDANT LILLARD'S MOTION FOR COMPASSIONATE RELEASE – 2

The Court finds that Mr. Lillard has exhausted his administrative remedies, *see* Dkt. #425-1, and therefore moves on to the question of extraordinary and compelling reasons particular to this Defendant justifying the requested relief. Mr. Lillard does not set forth extraordinary and compelling reasons, instead his claim is a collateral challenge to his conviction (for which he currently has a pending appeal). The Government, points out that "[Section] 3582(c)(1)(A) provides a mechanism to seek a reduction in the term of a sentence, not to challenge its validity." Dkt. # 432 at 8 (citing *United States v. Handerhan*, 789 F. App'x 924, 926 (3rd Cir. 2019)). As the Third Circuit observed in that case, "neither the statute nor its policy statement provide for release on the basis of arguments... that were or could have been raised on direct appeal or in a § 2255 motion." *Id*. The Court therefore finds that Mr. Lillard's Motion is procedurally improper and does not set forth a valid basis for relief under § 3582(c)(1)(A).

Mr. Lillard tangentially mentions that he has diabetes and that this is a risk factor for COVID-19. Dkt. #425 at 21. Mr. Lillard appears to acknowledge that he did not raise this issue in his request to the Warden. *Id*. at 22. He undermines the relevance of this issue by stating "the current conditions of confinement are not central to determining whether or not extraordinary or compelling circumstances exist," by saying that "he currently is serving a sentence of imprisonment in violation of the Fifth and Sixth Amendments to the Constitution [and this] is the reason why this Court should find that extraordinary and compelling circumstances exist," and by saying he "is not arguing such as it relates to the global pandemic." *Id*. The Court, and apparently the Government, are left with the distinct impression that they should *not* address this issue at this time.

Confusingly, Mr. Lillard has filed an addendum/supplement to this Motion expanding on his COVID-19 concerns as a basis for compassionate release, stating that he is filing a new

ORDER DENYING DEFENDANT LILLARD'S MOTION FOR COMPASSIONATE
RELEASE – 3

request for such relief to the Warden, and by citing additional case law. Dkt. #439. He provides no authority for shoehorning into his current Motion new argument for compassionate release. In any event, considering such arguments now would deny the Government an opportunity to respond.

Having reviewed the applicable briefing, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant Lillard's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), Dkt. #425, is DENIED.

DATED this 8th day of October, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING DEFENDANT LILLARD'S MOTION FOR COMPASSIONATE RELEASE – 4