UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>LONNIE EUGENE LILLARD,<br><br>Defendant. | CASE NO. CR16-07RSM<br><br>ORDER DENYING DEFENDANT LILLARD'S MOTION FOR RECONSIDERATION RE: COMPASSIONATE RELEASE |

This matter comes before the Court on Defendant Lonnie Eugene Lillard's Motion for Reconsideration. Dkt. #458. Mr. Lillard moves for reconsideration of the Court's Order denying his Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), Dkt. #446.

Motions for reconsideration are disfavored. CrR 12(b)(13). The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence. *Id*.

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i).

ORDER DENYING DEFENDANT LILLARD'S MOTION FOR RECONSIDERATION – 1

Effective December 21, 2018, the First Step Act of 2018 amended Section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (italics reflecting amendment under First Step Act).

On October 8, 2020, this Court issued an Order denying Mr. Lillard's Motion for Compassionate Release, finding that he had exhausted his administrative remedies but that his Motion was procedurally invalid because it had not "set forth extraordinary and compelling reasons, instead his claim is a collateral challenge to his conviction (for which he currently has a pending appeal)." Dkt. #446 at 3. The Court refused to consider Mr. Lillard's tangential reference to COVID-19 health concerns on procedural grounds. *Id.* The Court refused to

ORDER DENYING DEFENDANT LILLARD'S MOTION FOR RECONSIDERATION – 2

consider Mr. Lillard's subsequently filed addendum/supplement on procedural grounds. *Id*. at 3–4.

In this Motion, Mr. Lillard points to § 3582 cases raising COVID-19 concerns from the 2nd, 4th, and 10th Circuits as "intervening change in law." Dkt. #458 at 4–5. These cases turned on the individual facts presented in those cases and, in any event, are not controlling law. The Court finds that this is not a basis to grant a motion for reconsideration here.

Mr. Lillard next argues the Court engaged in "manifest error of fact" by stating that it had the "distinct impression" that Mr. Lillard's COVID-19 argument should not be addressed. *Id*. at 7. Mr. Lillard states he "argued the COVID-19 should not be considered under the extraordinary and compelling circumstances – ONLY BECAUSE HE DID NOT EXHAUST HIS REMEDY AND PRESENT SUCH ISSUE TO THE WARDEN AT THE TIME WHEN HE FILED HIS § 3582 MOTION." *Id*. at 8 (emphasis in original). Mr. Lillard now argues that COVID-19 should have been considered as a § 3553 factor that was not available at the time of sentencing. *Id*. Mr. Lillard asserts that he has now exhausted his administrative remedies and maintains that the Court erred by not allowing the Government an opportunity to respond to an addendum that he filed after the underlying Motion was noted for consideration. *Id*. at 9. Mr. Lillard hopes to avoid filing a "whole new SECOND Compassionate Release Motion to address the COVID-19…" *Id*. at 10 (emphasis in original).

The Court finds that its decision to address only those claims for which Mr. Lillard had exhausted his administrative remedies was a sound one. The First Step Act includes the exhaustion requirement not as a pointless procedural hurdle, but to allow the Bureau of Prisons an opportunity to consider the issues in a request for compassionate release. Mr. Lillard did not raise his COVID-19 concerns in his initial request to the Warden and the Court was not permitted

ORDER DENYING DEFENDANT LILLARD'S MOTION FOR RECONSIDERATION – 3

to consider them at the time under 18 U.S.C. § 3582(c)(1)(A). To the extent Mr. Lillard hoped to put such issues before the Court by filing an addendum, it is well within the Court's discretion to set procedural rules for the filing of briefing and to deny a motion for violating those procedures, as Mr. Lillard attempted to do. The Court's interpretation of Mr. Lillard's actual briefing on the Motion, including his apparent efforts to have the Court not consider COVID-19 health issues at the time, was not manifest error. If Mr. Lillard wishes to file a second motion for compassionate release to address COVID-19 issues he is free to do so.

Having reviewed the applicable briefing, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant Lillard's Motion for Reconsideration, Dkt. #458, is DENIED.

DATED this 5th day of November, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE