UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>LONNIE EUGENE LILLARD,<br><br>Defendant. | CASE NO. CR16-07RSM<br><br>ORDER DENYING DEFENDANT LILLARD'S THIRD MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on Defendant Lonnie Eugene Lillard's Third Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. #510. The Court has determined that an evidentiary hearing is unnecessary. A response from the Government is unnecessary.

Mr. Lillard's first Motion to Reduce Sentence was denied as the Court found that he was not pointing to a medical condition but rather seeking to bring a collateral challenge to his conviction. Dkt. #446. His second Motion raised the issue of his health and the COVID-19 pandemic and was also denied. Dkt. #477. The instant Motion addresses the conditions at FCI Sheridan where Mr. Lillard is housed.

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i).

ORDER DENYING DEFENDANT LILLARD'S THIRD MOTION FOR COMPASSIONATE RELEASE – 1

Effective December 21, 2018, the First Step Act of 2018 amended Section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (italics reflecting amendment under First Step Act).

The Sentencing Commission offers guidance on medical conditions that may warrant compassionate release. Application Note 1 to USSG § 1B1.13 provides that "extraordinary and compelling reasons" for a sentence reduction exist when:

> (A) Medical Condition of the Defendant.
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a

ORDER DENYING DEFENDANT LILLARD'S THIRD MOTION FOR COMPASSIONATE RELEASE – 2

specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

USSG § 1B1.13 cmt. n.1(A).

Faced with the rapid spread of COVID-19 through the country's prison systems, many courts have determined that the USSG's "medical condition" criteria are not well-suited to addressing the risk of serious illness or death from COVID-19. As a result, courts in this district have considered one or more of the following factors when evaluating a compassionate release request based on the threat COVID-19: (i) whether the inmate is at higher risk because of his or her age and/or race; (ii) whether the inmate has one or more, medically-documented, chronic health conditions that render him or her more vulnerable to COVID-19; (iii) the fatality rate for individuals with similar health conditions as compared with the overall fatality rate for COVID-19; (iv) whether the inmate has previously tested positive for the coronavirus that causes COVID-19 and, if so, whether the inmate suffers from any long-term effects of the disease; and (v) whether the inmate's release is expected to reduce the risk of him or her contracting COVID-19. *United States v. Powers*, No. CR15-166 TSZ, 2020 WL 3605748, *2 (W.D. Wash. July 2, 2020) (collecting cases). Given the "catch-all" provision of the Commission's application notes, *see* USSG § 1B1.13, cmt. n.1(D), as well as the non-binding status of the comments to USSG § 1B1.13, the Court has discretion to consider the above factors. *Id.*

ORDER DENYING DEFENDANT LILLARD'S THIRD MOTION FOR COMPASSIONATE RELEASE – 3

The Court finds that Mr. Lillard has exhausted his administrative remedies, *see* Dkt. #510 at 31, and therefore moves on to the question of extraordinary and compelling reasons particular to this Defendant justifying the requested relief.

Mr. Lillard argues that extraordinary and compelling circumstances exist here warranting a sentence reduction because of the safety and sanitary conditions at FCI Sheridan. These conditions include, *inter alia*, inmates (not Mr. Lillard) being assaulted by other inmates at the prison, lack of regular dental checkups in non-emergency situations, limitations on shower use, inadequate exercise time, infrequent changing of bedding, limitations on access to religious services, inadequate access to the law library and reading materials, the use of timers on toilets in his cells to limit flushing, inadequate access to hygiene products, being served two ounces of fruit instead of four ounces, alleged racial segregation and harassment on the lunch line, complaints about the processing of his complaints, prison staff taking his books from his cell, and other similar complaints. *See* Dkt. #510.

As noted above, this is not Mr. Lillard's first motion for compassionate release. It is not his first motion to discuss the conditions at FCI Sheridan. The Court finds that nothing contained in this Motion constitutes extraordinary and compelling circumstances warranting a sentence reduction. Mr. Lillard has failed to convince the Court that conditions at FCI Sheridan pose a significant enough risk to his health to justify compassionate release under the above standards.

Mr. Lillard was sentenced to 196 months on May 4, 2018, Dkt. #253, and has a projected release date of December 6, 2029. He has served less than a third of his sentence. The Court agrees with the Government's previous argument that Mr. Lillard's existing sentence "is necessary to protect the community from his future crimes." Dkt. #469 at 12.

ORDER DENYING DEFENDANT LILLARD'S THIRD MOTION FOR COMPASSIONATE RELEASE – 4

The Court has considered the 3353(a) factors, as it did at Mr. Lillard's sentencing, and finds that the relief requested in this Motion is not warranted at this time given the seriousness of the offense and the need to protect the community.  Having reviewed the applicable briefing, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant Lillard's Third Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), Dkt. #510, is DENIED.  Future compassionate release motions brought by this Defendant will almost certainly be denied barring a material, documented change to his physical or medical condition.

DATED this 3rd day of October, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE