UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff<br><br>  v.<br><br>LONNIE EUGENE LILLARD,<br><br>  Defendant. | CASE NO. CR16-7RSM<br><br>CASE NO. CR15-270RSM<br><br>ORDER DENYING MOTION FOR DE NOVO SENTENCING |

This matter comes before the Court on Defendant Lonnie Lillard's "Motion for De Novo Sentencing," filed in two cases. Case No. CR16-7, Dkt. #539, and Case No. CR15-270, Dkt. #74 ("Motion"). The Government has filed the same responsive briefing in both cases. Case No. CR16-7, Dkt. #540, and Case No. CR15-270, Dkt. #75 ("Response"). No reply has been filed.

Mr. Lillard, represented by counsel, moves for "a de novo sentencing hearing on both cause number 15-270 and cause number 16-07." Motion at 1. The parties appear to agree on most, but not all, of the relevant procedural history. On July 11, 2018, Lonnie Lillard was sentenced for the offense of Conspiracy to Commit Bank Fraud in Case No. CR16-07. That same date, the Court sentenced him for four supervised release violations in Case No. CR15-270. The Court imposed 196 months in CR16-07 and 36 months concurrent in CR15-270. Mr. Lillard appealed. The Ninth Circuit affirmed the conviction and sentence under CR16-07. The Ninth Circuit vacated the sentence in CR15-270, finding that the 36 months imposed exceeded the statutory maximum of 24 months, and remanded for resentencing in that case alone.

ORDER DENYING MOTION FOR DE NOVO SENTENCING – 1

Mr. Lillard brought a *pro se* petition for a writ of error coram nobis and a motion to withdraw his admissions to the supervised release violations. Case No. CR15-270, Dkt. #48. The Court denied relief. Case No. CR15-270, Dkt. #58. After the Court entered its Order, Lillard filed a late reply, raising a new issue—a request for de novo resentencing in CR16-07, along with the resentencing in CR15-270. Case No. CR15-270, Dkt. #59. He cited *United States v. Hanson*, 936 F.3d 876 (9th Cir. 2019). The Government filed a surreply. Case No. CR15-270, Dkt. #60. A few days later, Mr. Lillard filed a motion for a full resentencing in CR16-07, Dkt. #520, essentially making the same arguments. The government responded. CR16-07, Dkt. #522. The Court denied the motion in an Order explicitly referencing Mr. Lillard's citation to *Hanson*. CR16-07, Dkt. #524. The Court agreed with the Government that it lacked the authority to revisit the sentence, and also stated it would not reconsider the original 196-month sentence, even if it had the discretion to do so. *Id*.

Mr. Lillard, through his attorney, now asks again for a full resentencing, arguing that the Court never considered his citation to *United States v. Hanson*, 936 F.3d 876 (9th Cir. 2019). *See* Motion at 2–3. Mr. Lillard recites the above procedural history but omits any reference to his prior motion for a full resentencing in CR16-07, Dkt. #520, or the Court's denial of the same, CR16-07, Dkt. #524.

The Court finds the instant Motion to be a motion for reconsideration.

Motions for reconsideration are disfavored. Local Criminal Rule 12(b)(13)(A). The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence. *Id.* A motion for reconsideration shall be plainly labeled as such. Local Criminal Rule 12(b)(13)(B). The motion shall point out with specificity

ORDER DENYING MOTION FOR DE NOVO SENTENCING – 2

the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling. *Id.* Failure to comply with this subsection may in itself be grounds for denial of the motion. *Id.*

Mr. Lillard has violated Local Criminal Rule 12(b)(13)(B) by failing to plainly label his Motion as a Motion for Reconsideration or to point out with specificity the matters which the movant believes were overlooked or misapprehended by the court. The Court has nevertheless reviewed the Motion and finds that nothing therein justifies reconsideration of the Court's prior Order. The Court stands by its prior ruling in CR16-07, Dkt. #524.

The Court is frustrated by Mr. Lillard's feigned ignorance of his prior motion asking for relief under *Hanson*, *supra*, and the Court's Order denying that relief. It is not clear whether his counsel was aware of this prior motion because counsel was appointed in only one of these two cases, C15-270. All of this was pointed out by the Government in their Response, to which Mr. Lillard has filed no reply brief. The Court is left with the impression that this has all been a waste of everyone's time.

Accordingly, having reviewed the instant Motion, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant Lonnie Lillard's "Motion for De Novo Sentencing," filed in two cases, Case No. CR16-7, Dkt. #539, and Case No. CR15-270, Dkt. #74, is DENIED.

DATED this 29th day of April, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR DE NOVO SENTENCING – 3