UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff

v.

LONNIE EUGENE LILLARD,

Defendant.

CASE NO. CR16-07RSM

ORDER DENYING DEFENDANT LILLARD'S FOURTH MOTION FOR COMPASSIONATE RELEASE

This matter comes before the Court on Defendant Lonnie Eugene Lillard's Fourth Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. #552. The Court has determined that an evidentiary hearing is unnecessary. A response from the Government is unnecessary.

Mr. Lillard's first Motion to Reduce Sentence was denied as the Court found that he was not pointing to a medical condition but rather seeking to bring a collateral challenge to his conviction. Dkt. #446. His second Motion raised the issue of his health and the COVID-19 pandemic and was also denied. Dkt. #477. His third Motion addresses the conditions at FCI Sheridan where Mr. Lillard was housed and was also denied. Dkt. #511. The instant Motion argues that Mr. Lillard is "the only qualified individual to care for his mother," while in the same breath informing the Court that his mother "currently has a caregiver," and lives with her adult

ORDER DENYING DEFENDANT LILLARD'S FOURTH MOTION FOR
COMPASSIONATE RELEASE – 1

son, the brother of Defendant.  Dkt. #552 at 2.  Mr. Lillard asserts that this caregiver may have "come into possession of stolen property" and that "adult protector services have went [sic] out several times a year for the past several years to check on [his mother] in relation to [the brother's] treatment of her."  *Id.*

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances."  *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted).  Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i).

Effective December 21, 2018, the First Step Act of 2018 amended Section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

ORDER DENYING DEFENDANT LILLARD'S FOURTH MOTION FOR COMPASSIONATE RELEASE – 2

> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (italics reflecting amendment under First Step Act).

It is not clear from the record whether Mr. Lillard has exhausted his administrative remedies. *See* Dkt. #552 at 17 (exhibit C). The Court will nevertheless move on to the question of extraordinary and compelling reasons particular to this Defendant justifying the requested relief.

Mr. Lillard argues that extraordinary and compelling circumstances exist here warranting a sentence reduction because of issues with the caregiver of his elderly mother. The Court finds that Mr. Lillard has failed to demonstrate that his mother lacks a caregiver, or that he would be the only available caregiver for his parent. This is fatal for his request.

As noted above, this is not Mr. Lillard's first motion for compassionate release. The Court finds that nothing contained in this Motion constitutes extraordinary and compelling circumstances warranting a sentence reduction.

Mr. Lillard was sentenced to 196 months on May 4, 2018, Dkt. #253, and is believed to still have a projected release date of December 6, 2029. The Court agrees with the Government's previous argument that Mr. Lillard's existing sentence "is necessary to protect the community from his future crimes." Dkt. #469 at 12.

The Court has considered the 3353(a) factors, as it did at Mr. Lillard's sentencing, and finds that the relief requested in this Motion is not warranted at this time given the seriousness of the offense and the need to protect the community. Having reviewed the applicable briefing, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant Lillard's Fourth Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), Dkt. #552,

ORDER DENYING DEFENDANT LILLARD'S FOURTH MOTION FOR COMPASSIONATE RELEASE – 3

is DENIED.   Future compassionate release motions brought by this Defendant will almost certainly be denied barring a material, documented change to his physical or medical condition.

DATED this 27th day of February, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING DEFENDANT LILLARD'S FOURTH MOTION FOR
COMPASSIONATE RELEASE – 4